UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT, :
:
    Plaintiff : No. 4:CV-09-0634
:
  vs. : (Complaint Filed 04/07/09)
:
: (Judge Muir)
JEFFREY A. BEARD, et al., :
:
    Defendants :

**MEMORANDUM AND ORDER**

March 7, 2011

**Background**

    Plaintiff, Eric X. Rambert, a prisoner formerly confined at the State Correctional Institution, Dallas, ("SCI-Dallas"), Pennsylvania, filed the above civil rights action pursuant to 42 U.S.C. § 1983.[1] On April 7, 2009, the action was removed to federal court from the Luzerne County Court of Common Pleas. On May 20, 2009, plaintiff filed his first amended complaint. (Doc. 7, amended complaint). On June 15, 2009, the plaintiff filed a second amended complaint. (Doc. 19, second amended complaint). The named defendants in the second amended

---

1. On October 29, 2009, plaintiff was transferred to the State Correctional Institution, Coal Township "SCI-Coal Township", Pennsylvania. (See Doc. 56).

complaint are Dr. Jeffrey Beard, Secretary, Department of Corrections; and the following employees of SCI-Dallas: James T. Wynder, former SCI-Dallas Superintendent; Michael Klopotoski, current SCI-Dallas Superintendent; Joseph Zakaraukas, Security Captain; Dorina Varner, Acting Chief Grievance Coordinator; Cindy Watson, former Chief Grievance Coordinator; Robin Lucas, Grievance and Litigation Coordinator; Patricia Ginocchetti, Health Care Administrator; Lea Liputs, current Health Care Administrator; Thomas Leskowsky, R.N.; Donald O'Brien, Physician's Assistant; Cheryl Wisniewski-Bunk, Physician's Assistant; Charles McKeown, Hearing Examiner; and the following Program Review Committee members: Norman Demming, Jerry Walsh and Vincent Mooney.

Plaintiff's second amended complaint encompasses the following four claims:

### 1. **Confiscation of Religious Literature**

On September 5, 2007, the plaintiff was issued Confiscated Items Receipt, No. A. 707436, notifying him that "a manilla envelope containing established long standing religious materials by Honorable Elijah Muhammad" which was delivered to the institution for him, was identified as a "security threat"

2

and was confiscated as such. (Doc. 19, Second Amended Complaint).

### 2. **Medical Claim**

On January 2, 2008, plaintiff states that he "discovered from [his] monthly account statement that he had got billed for Chronic Medical Care" on November 27, 2007 and December 17, 2007. Id.

### 3. **Program Review Committee Review**

Plaintiff filed Grievance No. 236175, claiming that he was to be seen on July 16, 2008 for his "90 day Policy Review." Id. Unit Manager Chris Putnam replied to plaintiff's grievance, stating that "plaintiff was correct, he should have been seen 7/16/08" and that "the plaintiff will be scheduled to see PRC next week." Id. On July 24, 2008, plaintiff filed Grievance No. 237090, stating that he had still not been seen by the PRC. Id.

### 4. **Disciplinary Claim**

Plaintiff states that defendant, Charles J. McKeown "did violate plaintiff's administrative and procedural due process when he stated a lie in misconduct sanction # A894702 that the security cameras in the chow hall did not see the plaintiff

3

come into the chow hall and walk straight down the middle aisle to line #3 window and never went to line #2,to where Sgt. Kross knew the plaintiff only ate once and was doing to plaintiff what became a ritual for guards to take prisoner's food and plaintiff has a right under DC-ADM 610 to three meals." Id. Plaintiff believes that defendant Mckeown's "assessment that cameras that are for the safety and control of the inmates and staff are defective violated plaintiff's right to an impartial hearing when he denied C.O. Burgess as a witness at plaintiff's misconduct hearing, and stated 'not needed to determine the facts'." Id.

For relief, plaintiff seeks compensatory and punitive damages, as well as injunctive relief, for violations of his First, Eighth and Fourteenth Amendments. Id.

On February 18, 2010, plaintiff filed a "supplemental complaint pursuant to F.R.Civ.P. 15". (Doc. 63).

By Memorandum and Order dated March 15, 2010, defendants Wynder, Klopotoski, Varner, Watson, Lucas, Mooney, Demming, Walsh, McKeown and Beard were dismissed from the above captioned action. (See Doc. 66, Memorandum and Order). Also, plaintiff's Fourteenth Amendment Due Process claims regarding

his entitlement to a 90 day Program Review Committee review, his challenge to the misconducts he received and his subsequent placement in the RHU, were also dismissed. Id.

Presently before the Court are defendants' motions to dismiss plaintiff's supplemental complaint. (Docs. 65, 73, 90). The motions have been fully briefed and are ripe for disposition. For the reasons that follow, the defendants' motions to dismiss the supplemental complaint will be granted.

**I. Discussion**

Federal Rule of Civil Procedure 15(d) provides:

(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental complaints are not barred merely because they set forth new claims. However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified."

Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, granting of a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. Nottingham v. Peoria, 709 F.Supp. 542, 544 (M.D.Pa.1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

Plaintiffs' original complaint was removed to federal court from the Luzerne County Court of Common Pleas on April 7, 2009. (Doc. 1, notice of removal).

On May 20, 2009, plaintiff filed an amended complaint, (Doc. 7, amended complaint) and on June 15, 2009, the plaintiff

6

filed a second amended complaint. (Doc. 19, second amended complaint).

On February 18, 2010, eight months after the filing of plaintiff's second amended complaint, plaintiff filed a supplemental complaint. (Doc. 63). In his supplemental complaint, plaintiff alleges that on January 4, 2010, subsequent to the filing of his second amended complaint, plaintiff was x-rayed by the medical department at SCI-Coal Township, and it was determined that plaintiff has a fractured neck. (Doc. 63, supplemental complaint). Plaintiff believes that his fractured neck is a result of a slip and fall he had on August 12, 2002 and was misdiagnosed on March 14, 2003. Id. Thus, plaintiff seeks to now litigate the 2002 slip and fall and resulting medical treatment. Id.

The allegations and facts asserted in the proposed supplemental complaint, however, are not directly connected to the claims and facts which are the basis of plaintiff's original, first or second amended complaint. Second, Rambert's motion to supplement was submitted well after the initiation of this action. Lastly, it appears that such claims, which

occurred in 2002-2003, would now be barred by the statute of limitations.[2]

Thus, based upon the above factors, to permit the filing of a supplemental complaint containing facts and allegations which are not directly related to the original claims would be prejudicial and cause undue delay. Consequently, based on an application of the factors announced in <u>Nottingham</u>, Rambert's motion to file a supplemental complaint in the instant action will be denied.

---

2. In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir.1989).

    The United States Supreme Court clarified its decision in <u>Wilson</u> when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons.Stat. Ann. § 5524(7) (Purdon Supp.1996); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 190 (3d Cir.1993); <u>Smith v. City of Pittsburgh</u>, 764 F.2d 188, 194 (3d Cir.), <u>cert. denied</u>, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." <u>Gentry v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir.1991) (citations omitted).

8

**IT IS HEREBY ORDERED THAT:**

1.  Defendants' motions to dismiss plaintiff's supplemental complaint (Docs. 65, 73, 90) are **GRANTED.**

2.  Plaintiff's supplemental complaint (Doc. 63) is stricken from the record.

3.  The clerk of court is directed to return the supplemental complaint to the plaintiff.

<pre>
                    s/Malcolm Muir
                    MUIR
                    United States District Judge
</pre>